Deverie J. Christensen
Nevada State Bar No. 6596
Daniel I. Aquino
Nevada State Bar No. 12682
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Tel: (702) 921-2460
Email: deverie.christensen@jacksonlewis.com
       daniel.aquino@jacksonlewis.com

*Attorney for Defendant*
*Wynn Las Vegas, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VERONICA MORA, an individual, | Case No. 2:19-cv-01225-JAD-NJK |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| ELION PRODANI, an individual; WYNN RESORTS, LTD. dba WYNN RESORTS, a Nevada corporation, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Elion Prodani, Defendant Wynn Las Vegas, LLC (misnamed and erroneously sued as Wynn Resorts, Ltd. dba Wynn Resorts), and Plaintiff Veronica Mora, by and through their respective counsel of record, hereby stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below.

## I. APPLICATION

This Protective Order shall govern the designation and handling of "Confidential Information" and "Confidential – Attorney's Eyes Only Information" (defined below) produced in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Civil Rules to produce documents as required by the rules of discovery or an order of the Court. The

purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential, private, or proprietary nature.

If a designating party files material concerning "Confidential Information" or "Confidential-Attorney's Eyes Only Information" in court and does not attempt to file it under seal, or if material is otherwise already part of the public record as of the entry of this Protective Order, the material in question will not be subject to this Protective Order. The mere filing of material containing "Confidential" or "Confidential-Attorney's Eyes Only" by the non-designating party does not remove the material from the protection of this Protective Order. If a non-designating party files material marked "Confidential Information" or "Confidential-Attorney's Eyes Only Information" by another party without first seeking permission of the court to file the same under seal, the non-filing party may seek appropriate relief to ensure protection under this Protective Order.

## II. **DEFINITIONS**

A. "**Confidential Information**" means: personal information of current or former employees of Defendant (such as addresses, telephone numbers, birth dates, marital status, dependent status and/or discipline or counseling received from Defendant); financial information, including, but not limited to, payroll records, tax returns, financial statements, banking records, and electronic data containing financial information and/or compensation or pay plans or scales; confidential proprietary and/or competitive business and gaming information; trade secrets; witness statements and/or investigation reports; performance projections; business strategies; and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships. "Confidential Information" includes, without limitation, any document, information, or material that the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains information to which an individual or company has an established and legitimate right to privacy or confidentiality.

B. "**Attorney's Eyes Only Information**" is a subset of Confidential Information that

JACKSON LEWIS P.C.
LAS VEGAS

-2-

includes any document or testimony identified by the party that contains highly sensitive, proprietary, or trade secret information, including, but not limited to medical records and healthcare information pertaining to any current or former employee of Defendant (other than Plaintiff); personnel documents that contain personal identification information such as social security numbers, financial information and/or rates of pay; information about prior, existing, and potential customers; surveillance information, including, but not limited to policies, practices, and procedures, location of cameras, methods of recording, video footage and reports. All references herein to "Confidential" information include "Confidential – Attorneys' Eyes Only," except where the permissible disclosure or dissemination of "Confidential – Attorneys' Eyes Only" information is more limited than permissible disclosure or dissemination of "Confidential" information.

**C.** **"Disclosed"** is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

**D.** **"Discovery Material(s)"** means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

**E.** **"Document"** is defined as the term is used in Federal Rule of Civil Procedure 34.

**F.** **"Under Seal"** is defined as sealing confidential documents consistent with the procedure set forth in LR IA 10-5 of the Local Rules for United States District Court, District of Nevada (the "Court"). In the event that the Court publishes a new procedure for the filing of documents under seal, the Parties will follow said published procedure.

### III. TYPES OF MATERIALS THAT MAY BE DESIGNATED AS CONFIDENTIAL

Any Discovery Material or other documents, information, or materials may be designated by a producing party as Confidential under this Order. The assertion of this designation of "Confidential" shall constitute a representation to the Court that counsel for the producing party

or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order. Except with the prior written consent of the producing party or by Court order or as otherwise compelled by force of law, no Discovery Materials or other documents, information, or materials stamped "Confidential" may be disclosed to any person except as permitted in Section IV below.

## IV. DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL

**A. Marking Protected Documents:** Protected documents shall be designated as containing "Confidential Information by affixing to them the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" in all caps, 12 point font, in a location that makes the designation readily apparent, preferably in the lower right hand corner. Each Party shall maintain a log for the documents they have produced that have been designated "Confidential," and produce an updated log, containing all designations, when producing documents or information that are designated "Confidential." The fact that a document is stamped "Confidential" by one party shall not be construed as an admission by any other party that such document is confidential, nor shall it limit or preclude the right of any party to object to the "Confidential" designation and to file any appropriate motion(s) to determine the propriety of such designation. If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "Confidential" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

**B. Designating Testimony**. Any party may designate testimony as "Confidential Information" by making a statement to that effect on the record at the deposition or other proceeding or within ten (10) business days after receipt of the transcript of deposition or other proceeding by counsel. When Confidential Information is designated on the record at a deposition or other proceeding, the party claiming the testimony is Confidential Information shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "CONFIDENTIAL" and all counsel and

JACKSON LEWIS P.C.
LAS VEGAS

-4-

parties shall treat pages of testimony so designated as a protected document and the testimony itself as Confidential Information.

**C.     Subsequent Designation.**     If a party discovers that material or documents containing Confidential Information have been provided to the opposing party without being properly designated under this Protective Order, that party shall promptly notify the receiving party in writing of the same.  The notification shall include an identification of the documents or information (by bates stamp number or some other specific form of identification), and the receiving party shall affix a stamp identifying each document or item of information so identified as "CONFIDENTIAL" within ten (10) days unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances.

## V.     PERMISSIBLE USE OF "CONFIDENTIAL" INFORMATION, DOCUMENTS, OR MATERIALS

**A.     Limited Use**.     Persons obtaining access to Discovery Materials or other documents, information, or materials stamped "Confidential" or "Attorney's Eyes Only" pursuant to this Order shall use the information only for the purpose of this matter, through and including appeal(s) and shall not use or disclose in any format or medium such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, unless required by court order or being compelled by force of law.  If any person receiving information covered by this Agreement is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking information designated as "Confidential" pursuant to this Order, the subpoenaed party shall promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential." The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or legal process.  Nothing herein shall be construed as

JACKSON LEWIS P.C.
LAS VEGAS

requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the court.

**B.     Disclosure of Protected Material.**  Notwithstanding Section IV above, access to documents stamped "Confidential" shall be limited to the following individuals:

1. Counsel:  Counsel for the respective parties to this Protective Order, including in-house counsel and counsel's Support Staff (*i.e.*, paralegals, administrative assistants, and those involved in administration functions) and Outside Service Organizations (*i.e.*, organizations providing copy services, translation services, document preparation, trial graphics, and tutorials) but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with this matter;

2. Court Reporters:  Court reporters taking testimony and their support personnel;

3. The Parties:  Except as provided below in Section V.C., the parties to this Protective Order, including the officers, directors, agents and employees of a corporate Party, to the extent counsel for such party deems it necessary for the prosecution or defense of this proceeding;

4. The Court:  The Court and authorized court personnel.  To the extent such "Confidential Information" may be disclosed to court personnel or filed with the Court, it may, upon a showing sufficient to satisfy the requirements of the Court, be done Under Seal;

5. Witnesses: deposition or other witnesses as necessary in this litigation, provided that such persons have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A and provided further that disclosure is limited to Confidential Information about which the witness is or is likely to be examined at a deposition or other proceeding;

6. Consultants and Experts:  Independent consultants or experts retained by counsel or a party for assistance with respect to this litigation, together with each such person's

clerical and Support Staff, provided that such have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A.

      7.      The persons who are identified as authors or addressees on the face of a document containing Confidential Information, or have been shown by either testimony or documentary evidence to have been recipients or readers of the Confidential Information prior to the commencement of the underlying lawsuit;

      8.      The videographer who videotapes Confidential Information at a deposition in this litigation;

      9.      Any arbitrator, mediator or discovery referee in this litigation, and employees and similar personnel of said arbitrator, mediator or discovery referee;

      10.      Any other individuals agreed to in writing by the designating party; and

      11.      Others as may be ordered by the court.

**C.**     **"Confidential – Attorneys' Eyes Only."** The disclosure of "Confidential-Attorney's Eyes Only" Information is limited in the same ways as set forth above for Confidential Information except that "Confidential-Attorney's Eyes Only" Information may not be disclosed to anyone except those individuals set forth in Section V.B.1 and Plaintiff. <u>Plaintiff is only permitted to review "Confidential-Attorneys' Eyes Only" information in counsel's office provided she agrees not to make or take copies of "Confidential-Attorneys' Eyes Only" information out of counsel's office.</u> Except as provided in this paragraph, "Confidential Attorney's Eyes Only" information may not be disclosed or provided without prior written consent by the designating party under circumstances allowing the designating party to obtain adequate protection with respect to the "Confidential-Attorney's Eyes Only" Information either by agreement or by application to the Court. Further, any person who receives copies of "Confidential-Attorneys' Eyes Only" or to whom "Confidential – Attorneys' Eyes Only" is disclosed pursuant to this Stipulated Protective Information Governing Confidential Information shall be advised that the "Attorneys' Eyes Only" information is being disclosed pursuant to an

Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the "Attorneys' Eyes Only" information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.

**D.** **Filing Protected Materials.** See order issued concurrently herewith.

**E.** **Disputes as to Confidentiality Designation:**

**1.** **Meet and Confer Requirement:** The parties agree to designate information as "Confidential" on a good faith basis and not for purposes of harassing the receiving party's access to information concerning the lawsuit. If any party believes that a document, tangible item, or other information that has been designated as Confidential is not entitled to be treated as Confidential, the party will notify the designating party of its objection to the "Confidential" designation. The parties shall meet and confer in an attempt to reach an agreement regarding the Confidential status of the document, tangible item or information within seven (7) business days after the objecting party has advised the designating party of its objection.

**2.** **Motion for Protective Order:** If the dispute is not resolved, then the objecting party may file a motion challenging whether any particular material designated as containing Confidential Information should be entitled confidential treatment. The party

JACKSON LEWIS P.C.
LAS VEGAS

designating particular information as confidential under the protective order shall have the burden of proving that the information or document is entitled to such protection. In addition, if the parties do not reach agreement in advance of filing Confidential Information as referenced in Section V.D above, then the party wishing to use the designated information or material must not file the Confidential Information without first allowing the disclosing party who wishes the designated information to be filed under seal seven (7) court days within which to file a motion allowing the Confidential Information to be filed under seal pursuant to LR IA 10-5. The opposing party may then file an opposition to such motion and the moving party may file a reply in accordance with the briefing schedule set forth by local rule.

**3. Status Pending Resolution of Dispute:** Notwithstanding any challenge to the designation of material as containing Confidential Information, the material shall be treated as Confidential and shall be subject to the provisions hereof unless and until one of the following occurs: (i) all parties that claim that the material contains Confidential Information withdraw such designation in writing; or (ii) the Court order is issued ruling that the material does not contain Confidential Information.

**F. Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any Confidential Information or for an order permitting disclosure of any Confidential Information beyond the terms of this Protective Order.

## VI. MISCELLANEOUS

The provisions of this Order shall not terminate at the resolution of this matter; provided, however, that within thirty (30) days after the final conclusion of this matter, documents stamped "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies of such documents, other than exhibits of record, shall be returned to the party who produced the documents and designated them as "Confidential" or "Confidential – Attorneys' Eyes Only."

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. This Order, however, shall not be modified absent an order of the Court or the written agreement of all the Parties hereto.

Respectfully submitted this 5th day of November 2019.

| | |
|---|---|
| GARG GOLDEN LAW FIRM | JACKSON LEWIS P.C. |
| */s/ Melody R. Rissell* <br> Anthony B. Golden, Bar #9563 <br> Puneet K. Garg, Bar #9811 <br> Melody R. Rissell, Bar #14,941 <br> 3145 St. Rose Parkway, Suite 230 <br> Henderson, NV 89052 | */s/ Deverie J. Christensen* <br> Deverie J. Christensen, Bar #6596 <br> Daniel I. Aquino, Bar #12682 <br> 300 S. Fourth Street, Suite 900 <br> Las Vegas, Nevada 89101 <br><br> *Attorney for Defendant Wynn Las Vegas, LLC* |
| ATKINSON WATKINS & HOFFMANN LLP | HUTCHISON & STEFFEN |
| */s/ Racheal A. Ross* <br> Justin L. Watkins, Bar #9217 <br> Racheal A. Ross, Bar #14,943 <br> 10789 W. Twain Ave., #100 <br> Las Vegas, Nevada 89135 <br><br> *Attorneys for Plaintiff Veronica Mora* | */s/ Jason D. Guinasso* <br> Joseph R. Ganley, Bar # 5643 <br> Jason D. Guinasso, Bar #8478 <br> HUTCHISON & STEFFEN, PLLC <br> Peccole Professional Park <br> 10080 West Alta Drive, Suite 200 <br> Las Vegas, NV 89145 <br><br> *Attorney for Defendant Elion Prodani* |

**ORDER**

IT IS SO ORDERED this __6__ day of November 2019.

_____
U.S. Magistrate Judge

4830-6314-2058, v. 1